UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                          Chapter 7

EDWARD P. GELB,

                                          Case No.: 09-79666-478

               Debtor.
-------------------------------------------------------x
MANUEL VARVERIS,

                                          Adv. Pro. No. 10-8319-478

               Plaintiff,

      v.

EDWARD P. GELB,

               Defendant.
-------------------------------------------------------x

# **MEMORANDUM DECISION AND ORDER**

*Appearances:*

                       Ruskin Moscou Faltischeck, P.C.
                          *Attorneys for Plaintiff*
                        By: Michael Amato, Esq.
                        East Tower, 15th Floor
                           1425 RXR Plaza
                       Uniondale, New York 11556


                Rattet, Pasternak & Gordon-Oliver, LLP
                         *Attorneys for Defendant*
                   By: James B. Glucksman, Esq.
                      550 Mamaroneck Avenue
                     Harrison, New York 10528


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the Debtor's motion to dismiss the amended complaint filed by the Plaintiff seeking a determination that the Plaintiff's claim against the Debtor is not dischargeable under 11 U.S.C. § 523(a)(2) and the Plaintiff's request for leave to file a second amended complaint. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O) and 11 U.S.C. § 523(a)(2) and Federal Rules of Bankruptcy Procedure 7001, 7012 and 7015.

## BACKGROUND

On December 16, 2009, Edward Gelb, (the "Debtor"), filed for relief under chapter 7 of the Bankruptcy Code. On August 2, 2010, Plaintiff Manuel Varveris initiated this adversary proceeding against the Debtor for a determination that its claim against the Debtor be nondischargeable. The Court previously denied the Debtor's motion seeking to dismiss the Plaintiff's complaint and directed the Plaintiff to file an amended complaint. After Plaintiff filed his amended complaint, the Debtor filed the motion to dismiss the Plaintiff's amended complaint pursuant to *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) which is now before the Court (the "Motion to Dismiss").

Plaintiff alleges that the Debtor acted in concert with his business partner, Joseph C. Maneri ("Maneri"), in scamming Plaintiff into making a series of loans to the Debtor and Maneri by representing that the loans would be secured by mortgages on various parcels of real property with sufficient value to protect the Plaintiff's interest. However, the properties actually had very little equity. Plaintiff asserts that he relied upon such misrepresentations and suffered damages when the Plaintiff was essentially left with an unsecured claim.

The following constitutes the specific allegations contained in the amended complaint.

The Debtor owns an equitable interest in approximately 25 or more separate parcels of real property located in Albany, New York in which the deeds are held by Maneri (the "Albany Parcels"). Plaintiff claims that he initially declined to loan funds to the Debtor and Maneri because he did not believe that the Albany Parcels had sufficient value to provide adequate security for a $300,000 loan.

The Debtor proposed that in addition to the Albany Parcels, he would secure the loan by executing mortgages in favor of the Plaintiff on 6 parcels of real property located on Long Island, New York that he owned (the "Long Island Parcels"). The Debtor represented that the Long Island Parcels were unencumbered with mortgages or liens and had sufficient value so as to provide the Plaintiff with adequate collateral security for the loan. However, the Long Island Parcels were significantly encumbered with liens and the Debtor failed to disclose, and actively concealed the precarious financial condition of the Long Island Parcels. In reliance upon the offer of the additional security of a mortgage on the Long Island Parcels and the representations concerning their value, the Plaintiff loaned the Debtor and Maneri the $300,000. The Debtor and Maneri executed a promissory note on November 3, 2006 in which they agreed to pay $3,000 a month in interest until December 2, 2009 when the loan would mature (the "2006 Note"). As partial security for the 2006 Note, Maneri executed a mortgage on the Albany Properties for $150,000.

On the same date, Debtor executed a mortgage on the Long Island Parcels for $150,000 as security for the 2006 Note (the "Long Island Mortgage"). When the Plaintiff was shown a copy of the Long Island Mortgage, the mortgage referenced and included descriptions of all six Long Island Parcels. However, without the Plaintiff's knowledge or consent, the Long Island

Mortgage was altered so that it referenced only one of the Long Island Parcels instead of six. Plaintiff believes that a representative of the title or abstract company, Land Title Company, USA a/k/a Land Title USA Agency ("Land Title") changed the name of the title company on the cover sheet to Land Title and deleted five of the six Long Island Parcels (the "Deleted Parcels") from the Long Island Mortgage and then filed the altered mortgage. At the time the Long Island Mortgage was entered into, Land Title was owned or controlled by Maneri. Plaintiff was unaware of Maneri's interest in Land Title at the time and neither the Debtor nor Maneri advised him of the relationship.

The Debtor and Maneri made $66,000 in payments on the 2006 Note before the banks started dishonoring their checks to the Plaintiff in early 2008. After the default, Plaintiff ordered a title report on the Long Island Parcels. Plaintiff discovered that between February and August of 2007 the Debtor refinanced the Deleted Parcels in amounts between $234,500 and $320,000. Other lenders had first liens on the Deleted Parcels and the amount of those liens represented a substantial percentage of the value of each of the parcels, leaving little or no equity as security for Plaintiff.

On June 17, 2008, Plaintiff met with the Debtor and Maneri to demand that they provide additional security for the 2006 Note. At the meeting, Debtor advised that the Albany Parcels were at great risk of being lost because those parties with equitable interests in the parcels were unable to meet expenses for the properties, including sums due to the first lenders, taxes, insurance, utilities, etc. After further discussions, Plaintiff agreed that he would defer taking action on the alleged fraudulent alteration to the Long Island Mortgage for the interim and would provide additional financing provided that he receive sufficient security in the form of mortgages

on, or ownership interests, in additional parcels of real property. Plaintiff received a mortgage from the Debtor that properly included all the Long Island Parcels plus an additional parcel located at 1725 Arctic Avenue in Atlantic City, New Jersey (the "Atlantic City Parcel"). In addition, the Debtor transferred to Plaintiff title to property located at 1 West Lyons Street in Melville, New York (the "West Lyons Parcel") which Debtor represented had a value of no less than $600,000 and no other liens or encumbrances. Plaintiff asserts that the West Lyons Parcel actually had a first mortgage lien of no less than $350,000 encumbering it and the Debtor and Maneri knew that the representation was false but did nothing to correct the statement.

Plaintiff claims that in order to induce him to make the new loan of $200,000, he was told that he would also receive a mortgage on another parcel worth between $275,000 and $300,000 which was free of any liens or encumbrances. Based upon the foregoing representations, purported additional security and the additional promise by the Debtor that he and Maneri would be able to promptly repay a new loan, the Plaintiff provided an additional $200,000 loan on June 18, 2008. The Debtor signed a second promissory note pursuant to which he agreed to pay only interest on the loan until December 17, 2008, at which date the entire principal would be due (the "2008 Note"). Notwithstanding the Debtor's promise of a mortgage on an additional, unencumbered property worth between $275,000 and $300,000, the mortgages actually given to Plaintiff omitted this additional parcel.

Subsequently, the Debtor and Maneri defaulted on the 2006 Note and 2008 Note. On or about November 17, 2008, the building located on the Atlantic City Parcel burned down. The Debtor had not maintained fire insurance on the property which resulted in a reduction of the value of the Atlantic City Parcel to no more than approximately $50,000. On or before

November 17, 2008, Plaintiff discovered that the West Lyons Parcel was worth a great deal less than the Debtor represented and that it was encumbered with a first mortgage, thus the Plaintiff had less security than promised to him.

On November 21, 2008, Debtor signed a further agreement with Plaintiff whereby the Debtor agreed to transfer title to the Atlantic City Parcel with the right to have title return to the Debtor upon certain conditions being met (the "November 2008 Agreement"). The November 2008 Agreement mistakenly suggests that title to the Long Island Parcels had been transferred to the Plaintiff which never took place. The Long Island Parcels were foreclosed upon by the lenders and Plaintiff received no surplus funds from the foreclosures. The November 2008 Agreement permitted the Debtor to continue to reside at the West Lyons Parcel until January 1, 2010 on condition that he continue to pay the mortgage to the first lender and the property's other carrying costs. However, the Debtor failed to comply with the November 2008 Agreement and Plaintiff commenced a summary proceeding in state court to remove the Debtor. Plaintiff has recovered the West Lyons Parcel but believes it has little or no value in excess of the amounts owed to the first mortgage lender.

While the amended complaint is unclear whether the Plaintiff is proceeding under 11 U.S.C. § 523(a)(2)(A) and/or § 523(a)(2)(B), Plaintiff's opposition to the Motion to Dismiss clarifies that his cause of action arises under 11 U.S.C. § 523(a)(2)(A) based upon false pretenses, false representations, or actual fraud on the part of the Debtor. Plaintiff alleges that the Debtor and Maneri acted in concert as business partners in a scheme to defraud him by: (1) making false representations that the properties promised to secure the 2006 Note were unencumbered with mortgages or liens and had sufficient value to provide Plaintiff with

adequate security for the 2006 Note when no such equity existed; (2) having the mortgage for the Long Island Parcels fraudulently altered to delete five of the six parcels originally included, which enabled the Debtor to refinance the Deleted Parcels so as to leave little or no additional equity as security; and (3) falsely representing that the West Lyons Parcel had a value of no less than $600,000 and had no other liens or encumbrances.

Plaintiff alleges generally that the Debtor was aware of the mortgages or liens encumbering the Long Island Parcels but failed to disclose them and represented that there was adequate security on those properties. When the Debtor gave the Plaintiff a copy of the Long Island Mortgage with the Long Island Parcels listed in 2006, the mortgage was a representation by the Debtor that Plaintiff would receive valid liens on the Long Island Parcels. When Debtor executed the 2006 Note, he knew that he had insufficient resources to satisfy his obligation under the 2006 Note and with Debtor's knowledge and consent, the Long Island Mortgage was altered with the intent to defraud Plaintiff by depriving him of the security promised to him. Plaintiff reasonably relied upon the representations made by the unaltered mortgage in making the determination to loan $300,000 to the Debtor and Maneri. In addition, Debtor made a false representation that adequate collateral security existed in the West Lyons Parcel in order to induce Plaintiff to lend another $200,0000 when Debtor knew that the West Lyons Parcel was already encumbered by various liens and mortgages. Plaintiff states that he was unaware of the falsity of the Debtor's statements and relied upon them when he agreed to advanced the additional $200,000. As a direct result of Debtor's deliberate and material misrepresentations, Plaintiff has been damaged in the amount of no less than $350,000.

The Debtor has moved to dismiss Plaintiff's amended complaint for failure to state a

cause of action for fraud against the Debtor.  The Plaintiff's allegation that the Long Island Mortgage was altered does not assert that the Debtor made or directed the alteration or had the altered Long Island Mortgage filed.  Debtor did not own or control Land Title.  Plaintiff has not alleged any wrongdoing on the part of the Debtor, but instead, on the part of Maneri as owner of Land Title.  If the amended complaint does plead a cause of action at all, it is for negligence or fraud by Land Title or its representative who was present at the closing.

      The amended complaint does not specifically plead events that give rise to a strong inference that the Debtor had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth. While the amended complaint alleges that the value of the collateral was insufficient to provide Plaintiff with adequate security, the amended complaint does not allege that the Debtor gave any particular estimate of the value of the various properties or provided an appraisal to the Plaintiff nor does the amended complaint set forth the specific representations as to equity made by the Debtor.  Moreover, Debtor argues that because New York is a "race-notice" state, it was incumbent upon the Plaintiff to obtain a title search of the various properties to be mortgaged and the Plaintiff could not have reasonably relied upon the Debtor's representation of sufficient equity at face value.  If the Plaintiff had undertaken a title search and taken possession of the operative documents at closing, such as the Long Island Mortgage, the Plaintiff would not have been damaged.  Accordingly, Debtor argues that the amended complaint should be dismissed.

     Plaintiff opposes the Motion to Dismiss by referencing the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41 (1957) for the proposition that a motion to dismiss should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of

this claim which would entitle him relief." *Id.*, 355 U.S. at 42. Plaintiff argues that he has set forth the requisite wrong doing on behalf of the Debtor when he alleged that the Debtor acted in concert with Maneri when the Debtor made his misrepresentations that the Long Island Parcels and the West Lyons Parcel were unencumbered or had sufficient value to provide Plaintiff adequate security, and deprived the Plaintiff of any equity in the Long Island Parcels by allowing Land Title to alter the Long Island Mortgage and then refinancing Long Island Parcels. The Plaintiff argues that the Court is to only assess the legal feasibility of the complaint and not the weight of the evidence that may be offered in support. *Levitt v. Bear Stearns & Co., Inc.*, 340 F.3d 94, 101 (2d Cir. 2003). Plaintiff asserts that he only needs to provide notice of the claim and the grounds upon which it rests and that he should be afforded ample opportunity for discovery. If the Court finds that the amended complaint is not sufficiently pled, then Plaintiff requests that he be given another opportunity to further amend his complaint.

## DISCUSSION

Defendant seeks dismissal of the amended complaint pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, as these rules have been incorporated by Federal Rules of Bankruptcy Procedure 7008, 7009 and 7012 respectively. Under Fed. R. of Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of claim showing that the pleader is entitled to relief." In determining whether a complaint survives a motion to dismiss a Court must determine whether the complaint contains 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' *Iqbal*, 129 S.Ct. at 1949 *citing (Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plaintiff's reliance on *Conley v. Gibson* is misplaced in that courts no longer look to see whether "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief," 355 U.S. at 41, but rather whether a claim is plausible.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.   See also, *Santaro v. Sgroi (In re Sgroi)*, 5:10-CV-357, 2010 U.S. Dist. LEXIS 100686, * 9-10 (N.D.N.Y. Sept. 24, 2010).  While all factual allegations are accepted to be true in a motion to dismiss, courts need not "accept as true a legal conclusion couched as a factual allegation".  *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L. Ed. 2d 209 (1986). The complaint must contain more than just a recital of the elements of a cause of action and conclusory statements.  *Iqbal*, 129 S.Ct. at 1950.

To satisfy Rule 9(b) of the Federal Rules of Civil Procedure, in alleging fraud, a party must "state with particularity the circumstances constituting fraud.... Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[T]he pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation."  *Chase Bank, U.S.A., N.A. v. Vanarthos (In re Vanarthos)*, No. 10-13652 (MG), 2011 Bankr. LEXIS 685, *12 (Bankr. S.D.N.Y. Mar. 7, 2011).

Plaintiff specifically alleges three fraudulent acts by the Debtor in support of its request for a denial of the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A).  Section 523(a)(2)(A) provides in pertinent part that a discharge under section 727 does not discharge an individual debtor from any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

>  (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). To obtain relief under section 523(a)(2)(A), a creditor must show by preponderance of the evidence that: "(1) the debtor made a false representation; (2) the debtor knew the representation was false at the time it was made; (3) the representation was made with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor was injured by the representation and suffered damages as a result." *Charell v. Gonzalez (In re Gonzalez),* 241 B.R. 67, 71-72 (S.D.N.Y.1999) (citations omitted).

With respect to the 2006 Note, Plaintiff's allegation that the Debtor fraudulently represented that the Long Island Parcels were unencumbered and had sufficient value to provide the Plaintiff with adequate security for the loan when the Long Island Parcels were already encumbered falls short of what is needed under Fed. R. Civ. P. 9(b). The Plaintiff fails to specify whether the Debtor made a representation as to the value of the Long Island Parcels or how much security would be available, or whether the Debtor knew what the value of the properties were at the time. There is no information regarding the amount of the liens on each of the Long Island Parcels before and after the refinancing undertaken by the Debtor. Without more specificity, it is difficult to determine whether Debtor knew that the representations were false at the time they were made and whether the Debtor intended to deceive the Plaintiff with respect to the 2006 Note and/or the 2008 Note.

More importantly, to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A), a plaintiff must have actual and "justifiable" reliance. *Field v. Mans*, 516 U.S. 59, 70-75,116 S.Ct. 437 (1995). Justifiable reliance looks towards the qualities and characteristics of the particular plaintiff and the circumstances of the case but a plaintiff cannot blindly rely upon a

misrepresentation if the falsity of it would be obvious to him if he had an opportunity to conduct a cursory examination or investigation. *Id.*, 516 U.S. at 71 (citing Restatement (Second) of Torts (1976)).

Plaintiff has not pled sufficient facts as to whether he was justified in relying on the Debtor's alleged representations that the Long Island Parcels and West Lyons were unencumbered and have sufficient value to cover the amount of the loans under the 2006 Note and the 2008 Note.  Plaintiff merely jumps to the legal conclusion that the Plaintiff's reliance upon the Debtor's statements was reasonable without providing any factual basis for such reliance with respect to the $300,000 loan in 2006 and then subsequently with respect to the $200,000 loan in 2008, especially in light of the default by the Debtor and Maneri under the 2006 Note.  There are no facts plead as to whether the Plaintiff conducted any investigation or inquiry as to the value and/or adequateness of a security interest in the Long Island Parcels and the West Lyons Parcel or whether there were some other factors present that reassured the Plaintiff that he could rely upon the Debtor's alleged representations.  The Court cannot accept the Plaintiff's legal conclusion that his reliance on the Debtor's representations was justifiable without additional factual allegations in support of the pleading of reliance.

With respect to the alleged alteration of the Long Island Mortgage, the amended complaint falls short of pleading whether Debtor directed the alteration of the Long Island Mortgage, or had knowledge of or consent to the alleged alternation.  The allegation that the Debtor acted in concert with his business partner, Maneri, to deceive the Plaintiff when Land Title had the Long Island Mortgage altered is a legal conclusion without any supporting factual allegation.  While the Court can infer a fraudulent intent or a motive in having the Long Island

Mortgage altered because the Debtor would benefit in being able to refinance the Long Island Parcels without having to repay the 2006 Note in full, the Plaintiff's pleadings are insufficient to support a claim that the Debtor knew that the Plaintiff would not receive a security interest in all of the Long Island Parcels at the time the Long Island Mortgage was made or that the Debtor was involved in the alteration of the Long Island Mortgage.

Based upon the foregoing, Plaintiff has not met its burden pursuant to Federal Rules of Civil Procedure 12(b)(6), Federal Rules of Civil Procedure 9(b) and Federal Rules of Civil Procedure 8. While the amended complaint is deficient in its pleadings, this was not a bare bones complaint that typically warrants dismissal. There is enough factual allegations pled to raise inferences that could support a plausible cause of action if such complaint had been properly pled with greater particularity. Dismissal of the adversary proceeding would not be appropriate at this stage and would be a drastic remedy given that this adversary proceeding was filed on the date the Plaintiff's time to object to dischargeability of debt expired. Rule 15 of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend when justice so requires. "Indeed, leave to amend is usually permitted if the pleader fails to plead fraud or mistake with sufficient particularity. Dismissal with prejudice is warranted only when a court determines that the allegation of other facts could not possibly cure the deficiency or would be futile." *Revest, LLC v. Long (In re Long)*, No. 09-5303, 2010 Bankr. LEXIS 1782, *19 (Bankr. D. Kan. May 26, 2010). However, the Court cautions that such leave is not without limit and must be balanced with the Debtor's right to finality and the cost of continued litigation. In light of the circumstances, the Court shall grant the Plaintiff one final opportunity to further amend his complaint.

## CONCLUSION

Based on the foregoing, the Debtor's Motion to Dismiss is denied without prejudice. The Court will grant Plaintiff leave to file a second and final amended complaint which shall be filed and served within 15 days after this memorandum decision and order is entered. The Debtor shall have 15 days to file a responsive pleading to the second and final amended complaint. A pre-trial conference in this adversary proceeding shall be held on June 21, 2011 at 10:00 a.m.

So Ordered.



**Dated: Central Islip, New York**
**May 9, 2011**

*Dorothy Eisenberg*
**Dorothy Eisenberg**
**United States Bankruptcy Judge**